IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| v. | * | Civil No. GLR-13-3780 |
| | * | |
| Various Real Properties (Jones), | * | |
| Defendants. | * | |
| | * | |

...oo0oo...

**GOVERNMENT'S MOTION
FOR INTERLOCUTORY SALE**

The United States of America, through undersigned counsel and pursuant to Rule G(7)(b)(i)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, hereby requests an order authorizing the interlocutory sale of the real property (a) located at **1125 Saffell Road, Reisterstown, Maryland 21136;** and (b) located at **1127 Saffell Road, Reisterstown, Maryland 21136;** and the substitution of the net proceeds as the property subject to forfeiture, and in support therefore state as follows:

1. The Verified Complaint for Forfeiture in this case identifies a number of real properties that are subject to forfeiture. Two of those properties are (a) located at **1125 Saffell Road, Reisterstown, Maryland 21136;** and (b) located at **1127 Saffell Road, Reisterstown, Maryland 21136** (collectively "the subject properties").

2. Land records for Baltimore County indicate that the properties located at **1125 Saffell Road** and **1127 Saffell Road** are owned by 1023 Saffell Road LLC. A deed of trust, signed by Gerald Jones as Manager of 1023 Saffell Road LLC, was recorded in the land records.

3. MidAtlantic Farm Credit (also "the lender") holds a mortgage note pertaining to the

1

properties located at 1125 and 1127 Saffell Road. A current title report indicates no other interests in those two properties, and the government is not aware of any other ownership or any other type of interests in those two properties. The government and MidAtlantic Farm Credit have reached a stipulated expedited settlement agreement pertaining to MidAtlantic Farm Credit's interest in those properties. A copy of that agreement is annexed hereto as **Exhibit A.**

4. Counsel for MidAtlantic Farm Credit has indicated that the pertinent mortgage has been and continues to be in default, and, in paragraph 6 of Exhibit A, the lender agreed that the government should file this motion and the lender agreed that it does not object to the motion. The government and the lender agree that it is in the best interest of the parties with interest in the subject properties for the subject properties to be sold as soon as is possible. Rule G(7)(b)(i)(C) authorizes the Court to order the properties sold when the mortgage pertaining to the properties is in default. The rule states as follows in pertinent parts:

> (b) <u>Interlocutory Sale or Delivery</u>
> (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
> \* \* \*
> (C) the property is subject to a mortgage or to taxes on which the owner is in default;….

Rule G(7)(b)(i)(C). Here, the bank has stated in paragraph 6 of the agreement that the owner is in default on the mortgage pertaining to the subject properties, and the rule clearly authorizes the Court to issue an order directing that the property be sold.

5. The government has published the pendency of this case as required by the Supplemental Rules beginning on July 23, 2014. The period within which an interested person could file a claim in these proceedings concluded at the end of September 2014, and no claims were filed. Notice of the pendency of this case was posted on an official government internet site

(www.forfeiture.gov) pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims for thirty (30) consecutive days. A copy of the certification of advertising is annexed hereto as **Exhibit B**.

6. No claimant has come forward within the time allotted by law for the filing of claims, which is within thirty (30) days after the final date of publication. Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Forfeiture Claims. By letter dated February 3, 2015, the government allowed additional time for Gerald Jones and his related entities to file valid claims in this case and, as of the date of the filing of this motion on February 18th, no claims have been filed. The government has recognized the interest of MidAtlantic Farm Credit without the need for a claim to be filed by the lender.

7. The government and the lender have agreed that the subject properties will be sold by the United States Marshals Service ("the Marshals") according to specific terms set forth in the agreement annexed hereto as Exhibit A. Such procedures may be used in accordance with Rule G(7)(b)(ii) and (iii) . Also, according to the agreement, upon closing of the sales of the subject properties, the proceeds of the sales are to be distributed so as to cover the expenses and the mortgage, and the remainder is to be paid to the U.S. Marshals Service to be held in the Department of Justice Seized Asset Deposit Fund pending resolution of this case. The net equity funds, deposited with the assistance of the U.S. Marshals, shall be treated as substitute defendant property for all purposes including jurisdiction and disposition in accordance with Rule G(7)(b)(iv) and in accordance with 19 U.S.C. §1613(c).

8. Because the mortgage as to the subject properties has been in default for a number of months, this motion seeks to protect the lender's interest in the subject properties, to avoid any

further damages to the lender, and to avoid further harm to the government's potential interest in the net equity of the assets.

**WHEREFORE,** the government, with the concurrence of the lender, respectfully requests that the Court issue an order of interlocutory sale in conformance with the draft order submitted herewith for the convenience of the Court.

                                            Respectfully submitted,

                                            Rod J. Rosenstein
                                            UNITED STATES ATTORNEY

<u>February 18, 2015</u>                            _____//s//_____
Date                                              Richard C. Kay
                                            Assistant United States Attorney

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 18, 2015, a copy of the foregoing Government's Motion for Interlocutory Sale was provided to Gary Christopher, Esquire, and Kobie Flowers, Equire, counsel for Gerald Jones, and to Jeffrey W. Bernstein, Esquire, counsel for MidAtlantic Farm Credit.

                                            _____/s/_____
                                            Richard C. Kay
                                            Assistant United States Attorney